**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LESLIE WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-1052 |
| ) | |
| WALMART, INC., ) | |
| ) | |
| Defendant ) | |

## NOTICE OF REMOVAL

Defendant Walmart, Inc., by and through its attorneys, Rynearson, Suess, Schnurbusch & Champion, LLC, remove this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §1446 upon the following grounds:

## VENUE

1. There is now commenced and pending in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, a certain civil action designated as 22LA0147, in which Leslie White is Plaintiff (hereinafter "Plaintiff"), and Walmart, Inc. is Defendant (hereinafter "Walmart").

2. Walmart removes this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §1446(a), because the original action was filed in St. Clair County, Illinois, which is within the Southern District of Illinois.

## DIVERSITY OF CITIZENSHIP

3. The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S. C. §1332.

4. Complete diversity of citizenship exists between Plaintiff and Walmart, as required by 28 U.S.C. §1332(a).

5. Plaintiff is now, and was at the time of the commencement of this action, a citizen of the State of Illinois.

6. Walmart is now, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arkansas. Walmart is, then, a citizen of the State of Arkansas and the State of Delaware.

## AMOUNT IN CONTROVERSY

7. The amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00), as required by 28 U.S.C. §1332(a).

8. In her Complaint, Plaintiff claimed that, as a result of the alleged incident, she "was caused to fall and suffer significant injuries and resulting damage." **Plaintiff's Complaint, ¶5**.

9. Plaintiff's Complaint did not allege any specific amount for her damages, except to pray for "an amount to exceed $50,000.00," and provided no other information concerning her injuries, damages, or treatment.

10. When the complaint itself does not explicitly establish the amount in controversy, the district court may look outside the pleadings to other evidence of jurisdictional amount in the record to determine if the amount in controversy requirement is met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006); *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (holding that defendant may establish amount in controversy through interrogatories, contentions, or admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from

employees or experts about how much it may cost to satisfy plaintiff's demands); *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997).

11. On April 20, 2022, counsel for Plaintiff served discovery responses and production of documents on counsel for Walmart. Plaintiff's discovery responses indicated that Plaintiff had sustained a concussion and blunt head trauma, her medical bills as of that date totaled Twenty-Three Thousand, Two Hundred Twenty-Eight Dollars and Fifty-Three Cents ($23,228.53). After the production, counsel for plaintiff and counsel for defendant discussed the matter and counsel for plaintiff indicated that he believed the value of this case to be in excess of Seventy-Five Thousand Dollars ($75,000.00).

12. Based on the alleged past and future medical expenses, past and future pain and suffering, emotional distress, increased risk of future harm, $23,228.53 in disclosed medical specials, and the alleged permanency of Plaintiff's injuries, and, in particular, the records related to the sequalae of the concussion, Walmart asserts to the Court that a preponderance of the evidence known to date establishes that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## **TIMELINESS**

13. Plaintiff filed her Complaint on February 22, 2022, and served Walmart with the Complaint and Summons on February 25, 2022. Plaintiff served her discovery responses on April 20, 2022, from which Walmart discerned that the amount in controversy exceeded Seventy-Five Thousand Dollars ($75,000.00).

14. This Notice of Removal was filed within thirty (30) days after Walmart determined, based on verified discovery responses, that the amount in controversy exceeded Seventy-Five

Thousand Dollars ($75,000.00), pursuant to 28 U.S.C. §1446(b), and within one-year after commencement of the action, pursuant to 28 U.S.C. §1446(c).

## NOTICE REQUIREMENTS

15. Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

16. A copy of this notice of removal was filed with the Twentieth Judicial Circuit, St. Clair County, Illinois, as required by 28 U.S.C. §1446(d).

17. A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, Defendant Walmart, Inc., removes this case to the United States District Court for the Southern District of Illinois and hereby requests that the filing of this notice of removal shall effect the removal of said civil action to this Court.

**DEFENDANT DEMANDS TRIAL BY JURY**.

      RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION LLC

      By /s/James E. DeFranco
          James E. DeFranco, #6181134
          Matthew Suess #6324725
          141 Market Place, Suite 104
          Fairview Heights, IL 62208
          (618) 628-2000
          (618) 628-2007 Fax
          jdefranco@rssclaw.com
          msuess@rssclaw.com
          ATTORNEYS FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESLIE WHITE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WALMART, INC., )<br>)<br>Defendant. ) | Case No. 3:22-cv-1052 |

## AFFIDAVIT

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF ST. CLAIR  )

James E. DeFranco, being duly sworn upon his oath, deposes and states that he is an attorney for defendant herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendant.

/s/ James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 18th day of May 2022.

/s/Marie G. Agne
NOTARY PUBLIC

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESLIE WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-1052 |
| ) | |
| WALMART, INC., ) | |
| ) | |
| Defendant ) | |

## CERTIFICATE OF SERVICE

James E. DeFranco, after being duly sworn upon his oath, deposes and states that he is an attorney for defendants in the above-entitled cause; that on the 18th day of May 2022, he sent by by e-mail a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 18th day of May 2022, a copy of the Notice for Removal filed herein was also electronically filed with the Clerk of the Twentieth Judicial Circuit Court, St. Clair County Courthouse, Belleville, Illinois.

/s/ James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 18th day of May 2022.

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022

/s/Marie G. Agne
NOTARY PUBLIC